[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Alice Lombardo ("Lombardo") entered into a purchase and sale agreement ("PS") in June, 1987 whereby she agreed to purchase a condominium unit from Alan J. and Karen P. Suvalle ("Suvalles"). The Suvalles commenced an action against Lombardo claiming she breached the PS by failing to close on the same. The Suvalles seek certain money damages as a result of said breach. Lombardo filed her own action against the Suvalles seeking to have the PS declared to be null and void. Lombardo asks for the return of an $8,000 deposit she had made pursuant to the PS. The matters were tried to the Court on March 6, 1991.
The initial issue presented for decision by the Court is whether the Suvalles provided Lombardo or a duly authorized agent with the resale certificate required under R.I.G.L. §34-36.1-4.09. That provision requires the seller of a condominium to provide certain information to the buyer. It permits the buyer to void a purchase and sale agreement ". . . until the certificate has been provided and for five (5) days thereafter or until conveyance, whichever first occurs."
The Court makes the following findings of fact:
(1) The Suvalles did not provide the resale certificate directly to Lombardo. That fact is uncontroverted.
(2) The resale certificate was in fact provided in early July, 1987 to Michelle Christiansen, a realtor involved in the transaction.
(3) Michelle Christiansen did not have authority to accept the certificate on behalf of Lombardo. Given Christiansen's unfamiliarity with the purpose of the resale certificate and her failure to communicate to Lombardo the full content of said certificate, the Court concludes that Christiansen did not have authority to accept the certificate on behalf of Lombardo. Christiansen had no such actual or apparent authority in that regard.
(4) The closing attorneys did not waive delivery of the resale certificate to Lombardo. Although the closing attorney apparently informed Christiansen to bring the resale certificate to the closing, that does not, in the Court's view, constitute a waiver of the delivery requirement of R.I.G.L. § 34-36.1-4.09. Moreover, there is no credible evidence from which the Court can conclude that the attorneys were ever given such authority to waive that requirement. The attorneys were engaged to provide documentation for the closing. There is no evidence on which to infer that Lombardo engaged them to represent her personally and more particularly for the purpose of waiving the delivery requirement.
(5) Lombardo did not breach the PS by failing to close on September 1, 1987. Although the PS set September 30, 1987 as the closing date, it is clear the parties subsequently agreed to close on September 1, 1987. The evidence is equally clear that both parties later agreed to extend the closing to have it completed by September 15, 1987.
(6) Lombardo nullified the PS on September 9, 1987 when her attorney forwarded a letter to Richard M. Fisher, counsel for the Suvalles, giving notice that Lombardo was declaring the PS to be void pursuant to R.I.G.L. § 34-36.1-4.09.
Thus, the Court finds for Lombardo. Lombardo was not in breach of the PS by failing to close on September 1. She acted in a timely fashion pursuant to statute to void the PS. She did not receive the resale certificate prior to her voidance of the PS on September 9, 1987. Nor, had anyone with authority received or waived delivery of the resale certificate prior to voiding the PS on September 9. Section 34-36.1-4.09 of the R.I. Condominium Act falls within Article IV entitled "Protection of Condominium Purchasers". The provision requiring delivery of a resale certificate is designed to protect the buyer, in this case Lombardo. It does not contain any requirement that the buyer demonstrate that she would have relied on the content of the resale certificate as a basis for voiding an agreement. It clearly permits the buyer's escape from the agreement, for whatever reason, for a period of five days after delivery of the certificate or until conveyance of the property, whichever first occurs.
The Suvalles' claim is denied; Lombardo's petition is granted. Judgment shall enter for Lombardo in the amount of $8,000.